**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000313
12-AUG-2021
08:08 AM
Dkt. 118 SO

NO. CAAP-18-0000313

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE ESTATE OF WOOLSEY EATON KANAEUILANI RICE

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 1LP171000629)

<u>**SUMMARY DISPOSITION ORDER**</u>
(By:  Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

In this will contest, Respondents-Appellants Beth Ann **Burgess** and Faye **Wong** appeal from the **"Order** Granting Petition for Probate of Will and Appointment of Personal Representative" entered by the Circuit Court of the First Circuit (**Probate Court**) on March 7, 2018, and the **"Judgment** Pursuant to Order Granting Petition for Probate of Will and Appointment of Personal Representative" entered by the Probate Court on February 20, 2019.[1]  For the reasons explained below, we affirm the Order and the Judgment.

Woolsey Eaton Kanaeuilani **Rice** died on April 20, 2017. On September 15, 2017, Woolsey Eaton **Rice, Jr.** filed a **"Petition** for Probate of Will and Appointment of Personal Representative" with the Probate Court.  The Petition prayed that Rice's will, dated April 27, 2012 (the **2012 Will**), be admitted to probate and that Rice, Jr. be appointed as Rice's personal representative.

---

[1]     The Honorable R. Mark Browning presided.

The Petition stated that Rice, Jr. was Rice's son, and that Burgess and Wong were Rice's daughters.

Burgess and Wong filed an objection to the Petition on November 9, 2017. They claimed that Rice had executed a will on August 31, 2015 (the **2015 Will**), which revoked the 2012 Will. A copy of the 2015 Will was attached to a declaration signed by Burgess's and Wong's attorney.

The 2012 Will was presented for probate on November 28, 2017.

The Petition was heard on November 30, 2017. The Probate Court stated:

> Okay. I have here a 2012 will that was supposedly revoked. I have a 2015 will. Neither of those wills have been probated. I have no understanding of the status of the [related] civil action and what's going on. You know, you guys give me something better than what you've given me.
>
> . . . .
>
> Okay? So probate the wills. Are you intending to put the wills -- file the wills? I mean, you filed 'em as copies. That's not the same thing. You gotta probate 'em. We've gotta know what we're -- I have to know what I'm dealing with. I mean, there's gotta be a decision with respect to which will applies.

The court continued the hearing to February 8, 2018.

Seventy-one days later, at the continued hearing, the Probate Court said to counsel for Burgess and Wong:

> [T]he last time we were here, you were talking about submitting the 2015 will that you purport controls in this matter. That was not submitted. The only will that I have is the 2012.

Burgess and Wong requested another continuance. A discussion followed, during which the parties presented conflicting reports about the status of settlement negotiations. The Probate Court denied a continuance, admitted the 2012 Will into probate, and orally granted the Petition.

The Order was entered on March 7, 2018. The Probate Court entered "Findings of Fact and Conclusions of Law" on

May 30, 2018.  The Judgment was entered on February 20, 2019.
This appeal followed.

The opening brief states a single point of error:

> 1.    The trial court abused its discretion and denied
> [Burgess and Wong] their due process rights in granting the
> Petition for Probate of Will and Appointment of Personal
> Representative without taking testimony and holding a proper
> evidentiary hearing, and completely disregarding the August
> 2015 Will that revoked all prior wills and codicils and
> disinherited [Rice, Jr.].

A trial court's decision to grant or deny a continuance
of proceedings is reviewed for abuse of discretion.  Onaka v.
Onaka, 112 Hawaiʻi 374, 378, 146 P.3d 89, 93 (2006).  "It is well
established that an abuse of discretion occurs if the trial court
has clearly exceeded the bounds of reason or disregarded rules or
principles of law or practice to the substantial detriment of a
party-litigant."  Id. (cleaned up).

The statement of points in Burgess's and Wong's opening
brief does not challenge any of the Probate Court's findings of
fact.  Findings of fact that are not specified as error pursuant
to Rule 28(b)(4)(C) of the Hawaiʻi Rules of Appellate Procedure
(**HRAP**)[2] are unchallenged on appeal.  Leibert v. Fin. Factors,

---

[2]    HRAP Rule 28 provides, in relevant part:

> **(b)  Opening brief**.  Within 40 days after the filing
> of the record on appeal, the appellant shall file an opening
> brief, containing the following sections in the order here
> indicated:
>
> . . . .
>
> (4)  A concise statement of the points of error set
> forth in separately numbered paragraphs.  Each point shall
> state: (i) the alleged error committed by the court or
> agency; (ii) where in the record the alleged error occurred;
> and (iii) where in the record the alleged error was objected
> to or the manner in which the alleged error was brought to
> the attention of the court or agency.  Where applicable,
> each point shall also include the following:
>
> . . . .
>
> (C)  when the point involves a finding or conclusion
> of the court or agency, either a quotation of the finding or
> conclusion urged as error or reference to appended findings

(continued...)

Ltd., 71 Haw. 285, 288, 788 P.2d 833, 835 (1990).  "If a finding [of fact] is not properly attacked, it is binding; and any conclusion [of law] which follows from it and is a correct statement of law is valid."  Kawamata Farms, Inc. v. United Agri Prods., 86 Hawaiʻi 214, 252, 948 P.2d 1055, 1093 (1997), as amended (Jan. 13, 2004).

The Probate Court found:

> 3.    In the Petition, [Rice, Jr.] sought to have the [2012 Will] admitted to Probate, and to have himself, [Rice, Jr.] appointed as Personal Representative of the Decedent's Estate.
>
> 4.    The [2012 Will] was submitted to the Court.
>
> . . . .
>
> 10.    In the Objection, [Burgess and Wong] oppose the Petition on the basis that the Decedent allegedly executed another Will dated August 31, 2015. . . .
>
> . . . .
>
> 12.    The [2015 Will], however, had not been submitted to the Court for Probate.
>
> . . . .
>
> 18.    [On] July 28, 2017 in [a related civil lawsuit] [Burgess and Wong], for the first time, produced and attached copies of the purported [2015 Will].
>
> . . . .
>
> 20.    At the hearing before this Court on November 30, 2017, [Burgess and Wong] . . . represented that they would present the August 31, 2017 [sic] Will to the Court for Probate pursuant to an appropriate Petition.
>
> 21.    The Court continued the matter to allow [Burgess and Wong] time to submit their own Petition for Probate of Will and Appointment of Personal Representative(s) and encouraged the parties to talk with each other about the issues.
>
> 22.    The hearing on [Rice, Jr.]'s Petition was continued to February 8, 2018 before this Court.

---

[2](...continued)
        and conclusions[.]

A copy of the Probate Court's Findings of Fact and Conclusions of Law was appended to the opening brief, but the brief did not specify which findings or conclusions Wong and Burgess contend were erroneous.

23. As of the February 8, 2018 hearing, [Burgess and Wong] had not submitted the [2015 Will] to the Court nor had they filed a Petition for Probate of Will and Appointment of Personal Representative.

24. At the February 8, 2018 hearing, [Burgess and Wong requested] a continuance due to settlement discussions that had been initiated [in the related civil lawsuit].

. . . .

26. [Rice, Jr.] confirmed that there had been a settlement conference in relation to the [related civil lawsuit] recently, however, he did not agree that the parties were close to settlement. No further conference had been scheduled and the Probate of will and appointment of Personal Representative were points of major contention in the talks.

27. [Rice, Jr.] asked for the Petition to be partially granted as to the appointment of a Personal Representative and that further settlement discussions could still be had in the Civil Case.

28. [Counsel for Burgess and Wong] represented that he had no authorization on behalf of the Interested Parties as he was only making a special appearance for counsel but reiterated his request for a further continuance.

29. The Court denied the request for a further continuance and granted the Petition in all respects.

The Probate Court also made the following conclusions of law, which are actually findings of fact:

4. The [2015 Will] was not submitted to the Court for probate or other action, pursuant to a Petition for Probate of Will and Appointment of Personal Representative(s), even though [Burgess and Wong] had previously represented to the Court that they would.

5. [Burgess and Wong] had ample time and opportunity to submit the [2015 Will] to the Court for Probate or other action.

6. The Court exercised its discretion in denying the request for an additional continuance.

It is uncontested that Burgess and Wong "had ample time and opportunity to submit" the 2015 Will to probate after they "previously represented to the [Probate] Court that they would." Under the circumstances of this case, we cannot conclude that the Probate Court abused its discretion by denying Burgess's and Wong's request for a continuance of the hearing on Rice, Jr.'s

Petition.  The alleged 2015 Will was never submitted to the Probate Court.  The 2012 Will was the only will in probate.  The Probate Court did not err by granting the Petition.

Based on the foregoing, the "Order Granting Petition for Probate of Will and Appointment of Personal Representative" entered by the Probate Court on March 7, 2018, and the "Judgment Pursuant to Order Granting Petition for Probate of Will and Appointment of Personal Representative" entered by the Probate Court on February 20, 2019, are affirmed.

DATED:  Honolulu, Hawaiʻi, August 12, 2021.

On the briefs:

Mark S. Kawata,
for Petitioner-Appellee
Woolsey Eaton Rice, Jr.

Sheri J. Tanaka,
for Respondents-Appellants
Faye Wong and Beth Ann
Burgess.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge